**[NOT CURRENTLY SCHEDULED FOR A HEARING]**

# No. 23-1821

_____

_____

### UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

————————————

MARK S. ZAID

Plaintiff-Appellant

v.

DEPARTMENT OF JUSTICE

Defendant-Appellee

————————————

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

————————————

### BRIEF FOR APPELLANT

————————————

BRADLEY P. MOSS, ESQ.
MARK S. ZAID, P.C.
1250 CONNECTICUT AVENUE, NW
SUITE 700
WASHINGTON, D.C. 20036
202-907-7945

Attorney For Plaintiff-Appellant

_____

_____

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No. _23-1821_        Caption: _Mark S. Zaid v. Dep't of Justice_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Mark S. Zaid_
(name of party/amicus)


 who is _____appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.    Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO


2.    Does party/amicus have any parent corporations?    ☐ YES ☑ NO
      If yes, identify all parent corporations, including all generations of parent corporations:


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?          ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)          ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?          ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?          ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: _____          Date: _____9/18/2023_____

Counsel for: Mark S. Zaid _____

- 2 -

Print to PDF for Filing

# Table of Contents

STATEMENT OF APPELLATE JURISDICTION ........................................ 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ................. 1

STATEMENT OF THE CASE ................................................................ 2

STATEMENT OF FACTS ...................................................................... 3

    Background of the Appellee ................................................................ 3

    The FOIA Request ............................................................................ 4

    The FOIA Litigation ......................................................................... 8

SUMMARY OF ARGUMENT ............................................................... 13

ARGUMENT ........................................................................................ 16

    THE DISTRICT COURT ERRED IN CONCLUDING AS A
    MATTER OF LAW THAT THE APPELLEE HAD PRODUCED
    SUFFICIENT EVIDENCE WARRANTING THE CATEGORICAL
    INVOCATION OF FOIA EXEMPTION 7(A) ......................................
    .......................................................................................................
    .................................................................................................. 19

        Judge Chasanow Relied Upon Conclusory Statements That Are
        Factually Insufficient Under Existing FOIA Case Law ........... 19

            The Appellee has not sufficiently described the "information
            concerning physical and documentary evidence"
            subcategory ...................................................................... 20

            The Appellee has not sufficiently described the "exchange
            of information between various law enforcement agencies"
            subcategory ...................................................................... 22

        Judge Chasanow Ignored The Principles Of Judicial Comity
        And Administration ................................................................ 26

    THE DISTRICT COURT ERRED IN CONCLUDING AS A
    MATTER OF LAW THAT THE APPELLEE HAD PRODUCED
    SUFFICIENT EVIDENCE WARRANTING THE SUPPLEMENTAL

INVOCATION OF FOIA EXEMPTIONS 5, 6, 7(C), OR 7(D)
……………………………………………………………… 29

CONCLUSION ............................................................................. 33

## TABLE OF AUTHORITIES

**Cases**

Adams v. Bell, 1982 U.S. App. LEXIS 16397 (D.C. Cir. Aug. 24, 1982) .. 27

Agrama v. IRS, 2019 U.S. App. LEXIS 11560 (D.C. Cir. Apr. 19, 2019).. 25

Am. Bird Conservancy v. U.S. Fish & Wildlife Serv., 110 F. Supp. 3d 655
(E.D. Va. 2015) ........................................................................................ 24

Ayyad v. IRS, 2018 U.S. Dist. LEXIS 18143 (D. Md. Feb. 2, 2018)... 17, 19,
23

Bevis v. Dep't of State, 801 F.2d 1386 (D.C. Cir. 1986) ............................ 20

Black & Decker Corp. v. United States, 2004 U.S. Dist. LEXIS 32919 (D.
Md. Feb. 19, 2004) .................................................................................. 23

Bowers v. Dep't of Justice, 930 F.2d 350 (4th Cir. 1991) .......................... 14

Camreta v. Greene, 563 U.S. 692 (2011) ................................................... 26

Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice, 746 F.3d
1082 (D.C. Cir. 2014) .............................................................................. 25

Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64 (D.C. Cir.
1986) ........................................................................................................ 17

Davoudlarian v. Dep't of Justice, 1994 U.S. App. LEXIS 21797 (4th Cir.
Aug. 15, 1994) ......................................................................................... 24

dmarcian, Inc. v. dmarcian Eur. Bv., 60 4th 119 (4th Cir. 2022) ................ 26

Dugan v. Dep't of Justice, 82 F. Supp. 3d 485 (D.D.C. 2015) .................... 25

Ethyl Corp. v. United States EPA, 25 F.3d 1241(4th Cir. 1994) ........... 18, 32

Feller v. Brock, 802 F.2d 722 (4th Cir. 1986) ...................................... 26, 27

Fincher v. Keller Industries, Inc., 129 F.R.D. 123 (M.D.N.C. 1990)........... 27

Gray v. U.S. Army Crim. Investigation Command, 742 F. Supp. 2d 68 (D.D.C. 2010)............................................................................................. 25

Hanson v. United States Agency for Int'l Dev., 372 F.3d 286 (4th Cir. 2004) ........................................................................................................ 19

Harding v. United States, 2014 U.S. Dist. LEXIS 98006 (D. Md. July 17, 2014) ............................................................................................... 27

Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277 (4th Cir. 2004).... 18

Hilton v. Guyot, 159 U.S. 113 (1895) ......................................................... 27

Maccaferri Gabions, Inc. v. Dep't of Justice, 1996 U.S. Dist. LEXIS 22969 (D. Md. Mar. 26, 1996)................................................................ 17, 20, 24

Manning v. Dep't of Justice, 234 F. Supp. 3d 26 (D.D.C. 2017)................. 25

Maydak v. Dep't of Justice, 218 F.3d 760 (D.C. Cir. 2000) ...... 14, 29, 30, 33

McGinley v. Houston, 2003 U.S. Dist. LEXIS 14947 (S.D. Ala. Aug. 27, 2003) ................................................................................................... 28

Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242 (D.C. Cir. 1977) ................................................................................................... 19

Milner v. Dep't of Navy, 562 U.S. 562 (2011) ........................................... 19

N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214 (1978) ............. 13, 16

Nat'l Union Fire Ins. Co. v. Payless Shoesource, Inc., 2012 U.S. Dist. LEXIS 112346 (N.D. Cal. Aug. 9, 2012) ................................................. 27

Pully v. IRS, 939 F. Supp. 429 (E.D. Va. 1996) ......................................... 24

Rein v. United States PTO, 553 F.3d 353 (4th Cir. 2009) .................... 18, 32

Smith v. Dep't of Justice, 2022 U.S. Dist. LEXIS 162342 (M.D. Fla. Sept. 8, 2022)("Smith I") ............................................... 10, 11, 23, 26, 28, 29, 30, 31

Smith v. Dep't of Justice, 2023 U.S. Dist. LEXIS 116862 (M.D. Fla. May 10, 2023)("Smith II") .................................................... 12, 26, 29

Solers, Inc. v. IRS, 827 F.3d 323 (4th Cir. 2016) ......................................... 32

Spannaus v. Dep't of Justice, 813 F.2d 1285 (4th Cir. 1987) .......... 14, 16, 19

Villanueva v. Dep't of Justice, 2021 U.S. Dist. LEXIS 152063 (S.D. Fla. Aug. 12, 2021) ............................................................................. 21

Virginia Beach v. Dep't of Commerce, 995 F.2d 1247 (4th Cir. 1993) ....... 18

Willard v. Internal Revenue Serv., 776 F.2d 100 (4th Cir. 1985) ............... 18

Zaid v. Dep't of Justice, No. 21-1130 (D. Md.) ............................ 8, 9, 11, 12

## STATEMENT OF APPELLATE JURISDICTION

This action arises out of litigation pursued by Mark S. Zaid ("Zaid"), a private attorney who resides in Maryland, against Appellee Department of Justice ("DOJ" or "Appellee"), and its component entity, the Federal Bureau of Investigation ("FBI"), in order to secure access to non-exempt portions of records under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act ("PA"), 5 U.S.C. §552a. Zaid invoked the District Court's jurisdiction under 28 U.S.C. § 1331. Joint Appendix 4 (hereinafter "JA").

In a consolidated Memorandum Opinion dated July 5, 2023 ("Memorandum Opinion"), the Honorable Deborah K. Chasanow ("Judge Chasanow") granted summary judgment in favor of the Appellee with respect to its categorical invocation of FOIA Exemption 7(A), as well as its separate, supplemental invocations of FOIA Exemptions 5, 6, 7(C), and 7(D). JA 264. This Memorandum Opinion constituted a Final Order for purposes of appellate jurisdiction under 28 U.S.C. § 1291. A Notice of Appeal was timely filed by Zaid on August 1, 2023. JA 313.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.  Whether the District Court erred in concluding as a matter of law that the Appellee had sufficiently demonstrated that all responsive records were categorically exempt from release under FOIA Exemption 7(A)?

1

2. Whether the District Court erred in concluding as a matter of law that, if the categorical invocation was not appropriate, all responsive records were nonetheless still exempt from release in reliance upon FOIA Exemptions 5, 6, 7(C), and 7(D)?

## STATEMENT OF THE CASE

This action has been brought by Zaid, who is a U.S. citizen and resident of the State of Maryland, against the Appellee under FOIA.

Zaid submitted to the Appellee the FOIA request (the "Request") underlying this action seeking fourteen (14) categories of records concerning the criminal prosecution of Zackary Ellis Sanders ("Sanders"), as well as separate operations purportedly undertaken by the Appellee in coordination with foreign law enforcement agencies to prevent the alleged dissemination of illegal materials.

The District Court granted summary judgment for the Appellee, concluding that the three agency declarations and Vaughn Index submitted by the Appellee were sufficient to demonstrate that release of any of the responsive records would interfere with law enforcement proceedings and therefore warranted categorical exemption under FOIA Exemption 7(A). The District Court further concluded in the alternative that the separate,

underlying invocations of FOIA Exemptions 3, 5, 6, 7(C), and 7(D) were warranted.

The District Court's analysis in the Memorandum Opinion disregarded two separate rulings by a District Judge in the United States District Court for the Middle District of Florida ("MDFL") in which virtually identical arguments by the Appellee with respect to similar categories of responsive records derived from a similar FOI/PA request were deemed insufficient as a matter of law and rejected twice in separate rulings.

Zaid has timely appealed the District Court's ruling.

## STATEMENT OF FACTS

### *Background of the Appellee*

Zaid is a private attorney and has been licensed to practice law since 1992, including in the State of Maryland. JA 236. He was appointed by the Archivist of the United States to serve a two-year term on the Federal FOIA Advisory Committee, served as the co-editor of the bi-annual publication of *Litigation Under The Federal Open Government Laws* from 2002 – 2012, and has been teaching the District of Columbia Bar Association's Continuing Legal Education class on FOIA since 2003. JA 236-237.

*The FOIA Request*

By letter dated March 31, 2021, Zaid submitted the Request to the FBI seeking fourteen (14) categories of information. JA 237. The fourteen categories were the following:

1. Documentation or information received by the FBI from a foreign law enforcement agency ("FLA") on or about August 19, 2019, as publicly acknowledged on page 1 of the redacted Memorandum Opinion filed on October 29, 2020 ("Opinion"), that is attached as Exhibit "1";

2. Copies of the "two warrants" received from the FLA and publicly acknowledged on page 2 of the Opinion as being the source(s) for IP address data demonstrating that multiple IP addresses, including IP address 98.169.118.39 ("Target IP Address"), accessed online Child Sexual Abuse and Exploitation material;

3. The administrative subpoena sent by the FBI on September 10, 2019, to Cox Communications relating to the Target IP Address, as publicly acknowledged on page 2 of the Opinion;

4. The report, dated January 17, 2020, drafted by Special Agent Christopher Ford ("SA Ford"), FBI's Washington Field Office's Child Exploitation and Human Trafficking Taskforce, to open an investigation into the Target IP Address, as publicly acknowledged on page 2 of the Opinion;

5. The search warrant SA Ford applied for on February 10, 2020, in which he stated a user of the Target IP Address accessed online child sexual abuse and exploitation material via a website separately identified by the FLA as having an "explicit focus on facilitation of sharing child abuse materials," as publicly acknowledged on page 3 of the Opinion;

6. To the extent not encompassed by the scope of line item #5, any records outlining information relied upon in forming the basis for SA Ford's findings and conclusions about what the user of the Target IP

Address had or had not done at the Target Website, as publicly acknowledged on pages 2 and 3 of the Opinion;

7. To the extent not encompassed by line items #1 and/or #2, any communication – including verbal discussions memorialized in writing – between the U.S. Government and the FLA regarding the Target IP Address or the Target Website, as publicly acknowledged on pages 1 through 3 of the Opinion;

8. To the extent not encompassed by any previous line items, any records outlining the U.S. Government's understanding prior to August 19, 2019, of what was involved and required to be done to de-anonymize the IP addresses of Internet users who visited the Target Website, as publicly referenced on pages 1 through 3 of the Opinion;

9. Any FBI affidavits, sworn declarations, court filings or internal records (such as electronic communications, Sentinel, etc), that contain any one of the following sentences, which are taken from the Opinion, as specifically indicated in quotes:

   a. "an online bulletin board dedicated to the advertisement and distribution of child pornography that operated from approximately 2016 to June 2019";

   b. "associated to individuals who have accessed online Child Sexual Abuse and Exploitation material," and also in the same document includes the term "FLA";

   c. "A user of the Internet account at the SUBJECT PREMISES has been linked to an online community of individuals who regularly send and receive child pornography via a hidden service that operated on the Tor anonymity network.";

   d. "a foreign law enforcement agency ("FLA") known to the FBI and with a history of providing reliable, accurate information in the past, notified the FBI" and also in the same document includes "accessed online child sexual abuse and exploitation material via a website";

5

e. "The FLA described the website as having an explicit focus on the facilitation of sharing child abuse material (images, links and videos)";

f. "The FLA is a national law enforcement agency of a country with an established rule of law. There is a long history of U.S. law enforcement sharing criminal investigative information with the FLA and the FLA sharing criminal investigative information with U.S. law enforcement, across disciplines and including the investigation of crimes against children.";

g. "The FLA advised U.S. law enforcement that it obtained that information through independent investigation that was lawfully authorized in the FLA's country pursuant to its national laws.";

h. "The FLA further advised U.S. law enforcement that the FLA had not interfered with, accessed, searched, or seized any data from any computer in the United States in order to obtain that IP address information. U.S. law enforcement personnel did not participate in the investigative work through which the FLA identified the IP address information provided by the FLA."; or,

i. "18 (twinks) and younger".

10. Affidavits or sworn declarations filed in federal district court by SA Ford since May 2016. The search can be limited to prosecution cases under 18 U.S.C. §§ 2251, 2252 or 2253;

11. All records relating in any way to Zackary Ellis Sanders (DOB: 2/16/95) from May 22, 2019 to February 10, 2020. This includes all serials for the HQ case file and all subfiles, and all serials for Mr. Sanders's specific case file and subfiles. I have enclosed an executed Authorization and Privacy Waiver form from Mr. Sanders as Exhibit "2";

12. All records pertaining to the IP address 98.169.118.39 from May 22, 2019, to February 10, 2020;

13. Any records identifying the identity of the "FLA" referred to in Exhibit "1"; and,

6

14. Any records referencing "Hurtcore" but which also contain the term "FLA" or the actual identified foreign country.

JA 93-98.

Along with the Request itself, Zaid provided the Appellee with two exhibits. JA 99-117. The first exhibit, as referenced in the language of the Request itself, was a redacted, public version of an Opinion issued in the criminal prosecution of Sanders. JA 99-116. The second exhibit was an executed privacy waiver from Sanders. JA 117.

By letter dated April 6, 2021, the Appellee designated the Request as FOIPA Request No. 1493560-000 and categorically invoked FOIA Exemption 7(A) to withhold all potentially responsive records. JA 119-122. Zaid timely filed an administrative appeal of the Appellee's denial on April 30, 2021. JA 124-125. The appeal was designated as Appeal No. A-2021-01650. JA 128. In the administrative appeal, Zaid noted he further disputed that the Appellee's response invoking Exemption 7(A) encompassed four categories in the Request – categories #9, 10, 13, and 14. JA 125. Zaid noted that none of those categories were specifically tailored to the Sanders criminal proceedings and should not be construed in such a narrow fashion. JA 125.

*The FOIA Litigation*

On May 8, 2021, Zaid, through undersigned counsel, filed a first complaint ("First Complaint") before the District Court. JA 4-6. In the First Complaint, Zaid limited the scope of his legal challenge to four categories in his Request, namely #9, 10, 13 and 14. JA 5. The civil action was designated as Case No. 21-1130. JA 4.

On October 13, 2021, Zaid, through undersigned counsel, filed a second complaint ("Second Complaint") before the District Court. JA 11-13. The Second Complaint relied upon the same original Request as in the First Complaint, but the scope of the Second Complaint was limited to categories #1-8. JA 12. That second civil action was designated as Case No. 21-2625. JA 11.

By Order dated December 1, 2021, the two civil actions were consolidated. JA 14. Case No. 21-1130 was designated as the lead case and is the civil action from which this current appeal arises. JA 14.

By agreement between the parties, summary judgment briefing was narrowed to only categories #1-10 and #13 from the Request. Pl.'s Mem. Opp'n Def.'s Mot. Summ. J., Dkt. #20, at 2 (filed November 3, 2022), <u>Zaid v. Dep't of Justice</u>, No. 21-1130 (D. Md.)("Pl.'s Opp'n").

8

On September 20, 2022, the Appellee filed a Motion for Summary

Judgment ("Appellee Motion"). Def.'s Mot. Summ. J., Dkt. #18-1 (filed

September 20, 2022), <u>Zaid v. Dep't of Justice</u>, No. 21-1130 (D. Md.)("Def.'s

Mot."). The Appellee argued that its searches for responsive records were

adequate under the FOIA, that its categorical invocation of FOIA Exemption

7(A) was appropriate, and that the supplemental invocations of FOIA

Exemptions 3, 5, 6, 7(C), 7(D), and 7(E) were sufficient in the alternative.

Def.'s Mot. at 15-33; JA 18; JA 27-90.

On November 3, 2022, Zaid filed his Memorandum in Opposition to the

Appellee's Motion ("Opposition"). Pl.'s Opp'n. Zaid waived further

challenge to the adequacy of the searches conducted, as well as the

appropriateness of invoking FOIA Exemptions 3 or 7(E). Pl.'s Opp'n at 1.

However, Zaid maintained his challenge to the remainder of the Appellee's

invocations of FOIA exemptions, particularly the categorical invocation of

FOIA Exemption 7(A). Pl.'s Opp'n at 1.

In his Opposition, Zaid argued that the Appellee had not met its

evidentiary burden to satisfy FOIA Exemption 7(A). Pl.'s Opp'n at 8-14;

JA 240. Zaid notified the District Court that a separate district court judge in

MDFL had recently issued a memorandum opinion ("First Florida Opinion")

on September 8, 2022, that rejected some of the very same arguments put

forward by the Appellee in the current action. Pl.'s Opp'n at 10. Zaid

explained that an identical FOIA request submitted to the Appellee was

being litigated in the MDFL proceeding. Pl.'s Opp'n at 10-11. The MDFL

proceeding encompassed only three categories of information, namely

categories #11, 12 and 14, which are not being challenged in the current

action. Smith v. Dep't of Justice, 2022 U.S. Dist. LEXIS 162342, *3 (M.D.

Fla. Sept. 8, 2022)("Smith I"). That aside, Zaid explained the Appellee's

arguments before the District Court in MDFL were similar to the present

case in that they involved the same categorical invocation of FOIA

Exemption 7(A), as well as the same supplemental invocation of separate

FOIA exemptions *if* the District Court concluded FOIA Exemption 7(A) did

not apply in a categorical manner. Pl.'s Opp'n at 10-13.

In the First Florida Opinion, U.S. District Court Judge Steven D.

Merryday ("Judge Merryday") denied without prejudice the Appellee's

Motion for Summary Judgment. See Smith I, 2022 U.S. Dist. LEXIS

162342, *19. Judge Merryday concluded that the Appellee had failed to

sufficiently demonstrate how at least one "functional" category of

information – the information-exchange category – warranted categorical

invocation of FOIA Exemption 7(A). Id., 2022 U.S. Dist. LEXIS 162342,

*16-*18. Judge Merryday further rejected the supplemental invocation of

10

separate FOIA exemptions, stating that the Appellee had not provided

sufficient information to warrant invoking the exemptions to withhold an

unstated number of responsive documents. Id., 2022 U.S. Dist. LEXIS

162342, *19.

In his Opposition before the District Court in the present case, Zaid –

relying upon the legal analysis from Judge Merryday in the MDFL

proceeding – identified how the Appellee's agency declaration from Michael

Seidel ("Seidel Declaration") did not provide the necessary level of

specificity with respect to two functional subcategories of information – the

"information concerning physical and documentary evidence" and

"exchange of information between various law enforcement agencies"

subcategories. Pl.'s Opp'n at 10-13; JA 241-242. Zaid also noted how,

similar to the MDFL proceeding, the Appellee had not provided sufficient

evidence to justify the supplemental invocation of the separate FOIA

exemptions in the alternative. Pl.'s Opp'n at 14-21.

The Appellee filed its reply brief in support of its Motion on

December 16, 2022. Def.'s Reply Pl.'s Mem. Opp'n Def.'s Mot. Summ. J.,

Dkt. #16 (filed December 16, 2022), Zaid v. Dep't of Justice, No. 21-1130

(D. Md.). In support, the Appellee included a second declaration from

Michael Seidel ("Second Seidel Declaration"), as well as a declaration from Special Agent David J. Backlund ("Backlund Declaration"). JA 246-263.

Prior to the district court ruling on the Appellee's Motion in the current case, Judge Merryday issued a second opinion ("Second Florida Opinion") in the MDFL proceeding which categorically rejected a second renewed Motion for Summary Judgment filed by the Appellee. See Smith v. Dep't of Justice, 2023 U.S. Dist. LEXIS 116862 (M.D. Fla. May 10, 2023)("Smith II"). In the Second Florida Opinion, Judge Merryday again rejected the Appellee's arguments seeking to justify the categorical invocation of FOIA Exemption 7(A). Id, 2023 U.S. Dist. LEXIS 116862, *8. Judge Merryday concluded that the Appellee's sworn declarations *still* did not demonstrate that disclosure of responsive records would interfere with an enforcement proceeding, particularly with respect to the information-exchange functional category. Id., 2023 U.S. Dist. LEXIS 116862, *7. Judge Merryday further noted that the Appellee's sworn declaration failed to trace a rational link to the asserted harm of disclosure. Id, 2023 U.S. Dist. LEXIS 116862, *7.

Zaid filed a Notice of Supplemental Information on May 11, 2023, in the current case, informing the District Court of the Second Florida Opinion. Pl.'s Not. Supp. Info., Dkt. #24 (filed May 11, 2023), Zaid v. Dep't of Justice, 21-1130 (D. Md.).

12

The District Court issued its Memorandum Opinion on July 5, 2023.[1] JA 264. Judge Chasanow, unlike Judge Merryday, concluded that the Appellee had sufficiently demonstrated that disclosure of the records described within the "functional" categories of information would interfere with enforcement proceedings. JA 294-296. Furthermore, Judge Chasanow also concluded that the supplemental invocations of FOIA Exemptions 5, 6, 7(C), and 7(D) were appropriate. JA 296-308.

A Notice of Appeal was timely filed by Zaid on August 1, 2023. JA 313.

## SUMMARY OF ARGUMENT

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978).

FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law

---

[1] The Memorandum Opinion was a consolidated ruling that also encompassed a third, separate FOIA action brought by Zaid against a different federal defendant, the Department of Homeland Security. JA 274-284. The Memorandum Opinion denied in part DHS's dispositive motion seeking summary judgment, and that separate FOIA action is not currently part of this appeal to the Circuit as it remains ongoing before the District Court. JA 312.

enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings []." Spannaus v. Dep't of Justice, 813 F.2d 1285, 1288 (4th Cir. 1987). The principal purpose of Exemption 7(A) is to prevent disclosures which might prematurely reveal the government's case in court, its evidence and strategy, or the nature, scope, direction, and focus of its investigation, and thereby enable suspects to establish defenses or fraudulent alibis or to destroy or alter evidence. Maydak v. Dep't of Justice, 218 F.3d 760, 762 (D.C. Cir. 2000). If the government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position. See Bowers v. Dep't of Justice, 930 F.2d 350, 357 (4th Cir. 1991).

At its core the appeal before this Circuit seeks to reiterate the deficiency of the Appellee's sworn declarations before the District Court with respect to the categorical invocation of FOIA Exemption 7(A), as well as the supplemental alternative invocation of several other FOIA exemptions.

The District Court concluded that the Appellee's declarations were sufficient, both for the categorical and alternative invocations under the existing evidentiary standard. But this ruling constitutes legal error and Zaid

respectfully requests that this Circuit reverse and remand the matter back to the District Court for further proceedings regarding the extent to which records responsive to Appellant's FOIA request can be released, in whole or in part.

Under the Exemption 7(A) evidentiary standard, the Appellee must demonstrate through functional categories how the release of responsive records would be likely to interfere with any enforcement proceeding. The District Court's reliance upon conclusory statements from the Appellee's declarants with respect to the "information concerning physical and documentary evidence" and "exchange of information" subcategories was erroneous.

If the categorical invocation of Exemption 7(A) is not permitted, the Appellee next needed to demonstrate through reasonably detailed declarations the appropriateness of the supplemental invocations of FOIA Exemptions 5, 6, 7(C), and 7(D). The District Court not only prematurely addressed the substantive merits of these supplementation invocations, but also erroneously relied upon the same non-specific and vague justifications from the Appellee's declarants as support for concluding those supplemental invocations were sufficient as a matter of law.

## **ARGUMENT**

Zaid seeks a reversal of the Memorandum Opinion and a remand to the District Court with the requirement that the Appellee process and release all non-exempt portions of the responsive records.

Established FOIA case law derived from the U.S. Supreme Court ("Supreme Court"), the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit") and the U.S. Court of Appeals for the D.C. Circuit ("D.C. Circuit")[2] makes clear the evidentiary threshold the Appellee must meet to justify the categorical invocation of FOIA Exemption 7(A). In particular, the burden rests on the Appellee to provide more than conclusory explanations of how particular types of requested records would interfere with a pending law enforcement proceeding.

The Supreme Court has stated – and the Fourth Circuit has agreed – that agencies can meet that burden through categorical descriptions of particular types of investigatory records. See Robbins Tire & Rubber Co., 437 U.S. at 236; Spannaus, 813 F.2d at 1288. The D.C. Circuit has further clarified (and at least one district court within the Fourth Circuit has concurred) that

---

[2] The D.C. Circuit handles the largest bulk of FOIA litigation and the Fourth Circuit (as well as district courts within the Fourth Circuit) routinely rely upon rulings from the D.C. Circuit in addressing FOIA litigation. Pl.'s Opp'n at 6-7. Judge Chasanow, for her part, also relied upon case law from the D.C. Circuit. JA 288-290.

standard to make clear the need for those categories to be "functional" in providing the courts with a rational link they can trace between the nature of the document and the alleged likely interference. See Crooker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64, 67 (D.C. Cir. 1986); Ayyad v. IRS, 2018 U.S. Dist. LEXIS 18143, *29 (D. Md. Feb. 2, 2018); Maccaferri Gabions, Inc. v. Dep't of Justice, 1996 U.S. Dist. LEXIS 22969, *14-*15 (D. Md. Mar. 26, 1996).

Zaid demonstrated to the District Court, and will further demonstrate here before this Circuit, that the Appellee failed to meet that burden with respect to FOIA Exemption 7(A). Zaid respectfully submits that Judge Chasanow's analysis in the Memorandum Opinion improperly relied upon the very type of conclusory statements that multiple courts have rejected in this context, including twice by Judge Merryday based on the same facts and arguments proffered by the Appellee.

Furthermore, in terms of the underlying supplemental FOIA exemptions, Zaid respectfully submits that Judge Chasanow prematurely adjudicated the substantive merits of those invocations. As Judge Merryday made clear in the First Florida Opinion when the Appellee pursued the same approach with respect to underlying supplemental FOIA exemptions, the record before the District Court was factually insufficient to warrant rendering a determination

with respect to the appropriateness of those FOIA exemptions, and their invocation should have been denied without prejudice.

This Circuit reviews a district court's grant of summary judgment in a FOIA action *de novo*. Rein v. United States PTO, 553 F.3d 353, 358 (4th Cir. 2009). The Circuit reviews the evidence in the light most favorable to the appellant party, and draws all reasonable inferences in the appellant's favor. See Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 283 (4th Cir. 2004). The Circuit must determine "whether (1) the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached is clearly erroneous." Willard v. Internal Revenue Serv., 776 F.2d 100, 104 (4th Cir. 1985). Although any factual conclusions that place a document within a stated exemption of FOIA are reviewed under a clearly erroneous standard, "the question of whether a document fits within one of FOIA's prescribed exemptions is one of law, upon which the district court is entitled to no deference." Ethyl Corp. v. United States EPA, 25 F.3d 1241, 1246 (4th Cir. 1994), quoting Virginia Beach v. Dep't of Commerce, 995 F.2d 1247, 1252 n.12 (4th Cir. 1993).

## I. THE DISTRICT COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT THE APPELLEE HAD PRODUCED SUFFICIENT EVIDENCE WARRANTING THE CATEGORICAL INVOCATION OF FOIA EXEMPTION 7(A)

### A. Judge Chasanow Relied Upon Conclusory Statements That Are Factually Insufficient Under Existing FOIA Case Law

The burden of demonstrating that a requested document falls under an exemption rests on the government. See Hanson v. United States Agency for Int'l Dev., 372 F.3d 286, 290 (4th Cir. 2004); see also Milner v. Dep't of Navy, 562 U.S. 562, 565 (2011)(stating that exemptions must be narrowly construed). "An agency cannot meet its statutory burden of justification by conclusory allegations of possible harm. It must show by specific and detailed proof that disclosure would defeat, rather than further, the purposes of the FOIA." Ayyad, 2018 U.S. Dist. LEXIS 18143, *15-16, quoting Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 258 (D.C. Cir. 1977).

The Fourth Circuit does permit, in the context of FOIA Exemption 7(A), for a federal agency to demonstrate in a generic fashion that production of records could reasonably interfere with law enforcement proceedings. See Spannaus, 813 F.2d at 1288. In order to meet its burden in a generic fashion, the Appellee must still have done the following:

> First, it must define the categories functionally. Second, it must conduct a document-by-document review in order to assign the

19

documents to the proper category. Third, it must explain to the court how each category could reasonably be expected to interfere with enforcement proceedings.

Maccaferri Gabions, Inc., 1996 U.S. Dist. LEXIS 22969, *14-*15

(internal citations omitted), citing Bevis v. Dep't of State, 801 F.2d

1386, 1389 (D.C. Cir. 1986). This, however, was not done.

In her Memorandum Opinion, Judge Chasanow addressed the

sufficiency of the Appellee's declarations with respect to the two

areas of dispute identified by Zaid, namely the "information

concerning physical and documentary evidence" and "exchange of

information between various law enforcement agencies" subcategories

of the "evidentiary and investigative material" category. JA 294-296.

Zaid respectfully disputes Judge Chasanow's analysis on this issue.

    1.   *The Appellee has not sufficiently described the "information concerning physical and documentary evidence" subcategory*

In his Opposition, Zaid specifically noted that the First Seidel

Declaration only described what the "information concerning physical

and documentary evidence" subcategory *may* include, declining to

more fully describe the records in a functional manner that would

allow the court to trace a rational link between the nature of the

document and the alleged likely interference. Pl.'s Opp'n at 11-12.

20

The Memorandum Opinion, relying upon the Second Seidel

Declaration, appeared to conclude that the Appellee had satisfied that

deficiency by noting that one type of record that would fall within the

subcategory is an investigative form FD-302, which *may* contain

names of witnesses, victims, or third parties. JA 294-295 (emphasis

added).

Judge Chasanow did not cite to case law – binding or otherwise –

that supported her analysis in this regard. The Appellee's declarant

failed to provide the District Court with sufficient information to

determine that every document purportedly within the scope of this

subcategory is protected, particularly by functionally tracing a link

from the documents to the alleged potential harm of disclosure. With

respect, Zaid submits that Judge Chasanow committed reversible

error, as the Appellee's declarant failed to address, for example, to

what extent these records were at issue in Sanders' prosecution and, if

so, address how disclosure of evidence previously made public (if

any) would have implicated any alleged harm from disclosure.

See Villanueva v. Dep't of Justice, 2021 U.S. Dist. LEXIS 152063,

*41 (S.D. Fla. Aug. 12, 2021). Neither the First Seidel Declaration nor

the Second Seidel Declaration provided any such clarity. Nor did they

clarify for the District Court why only one type of record – an FD-302 – could be identified as falling within the scope of the subcategory while ignoring the nearly 20 other types of records generically identified in the First Seidel Declaration. See JA 42-44.

These deficiencies simply were (and remain) too much to overcome the requirements of summary judgment.

2. *The Appellee has not sufficiently described the "exchange of information between various law enforcement agencies" subcategory*

With respect to the "exchange of information between various law enforcement agencies" subcategory, Zaid outlined how the First Seidel Declaration failed to define the subcategory functionally, as it referenced only the relevance of the records to past investigative efforts and discussed concerns (such as an understanding of confidentiality) that are not applicable to FOIA Exemption 7(A) analysis. Pl.'s Opp'n at 13-14. In her Memorandum Opinion, Judge Chasanow again relied upon the Second Seidel Declaration to nonetheless conclude that disclosure of these records would reveal the Appellee's investigative interest in particular third parties and could harm the Appellee's relationship with other agencies. JA 295-296.

22

With due respect to Judge Chasanow, Zaid offers the insightful

analysis of Judge Merryday as a counter:

> In other words, the FBI fails to connect the asserted harm —
> disclosure of information about "subjects, suspects, or other
> individuals of potentially investigative interest" — to the
> definition of the information-exchange category — any
> communication from, to, or between and FBI agent and an
> agent of another law enforcement agency. Of course, most of
> these communications likely discuss information that, if
> disclosed, would harm an investigation. *But the FBI fails to
> demonstrate that every communication discusses protected
> information, and the FBI otherwise fails to limit the category to
> encompass only documents exchanging this protected
> information.*

Smith I, 2022 U.S. Dist. LEXIS 162342, *16-17 (emphasis added).

The Appellee's declarations before the District Court simply did

not meet the requisite standard, and Judge Chasanow's analysis was,

respectfully, clearly erroneous. The Appellee failed to demonstrate

how every communication within this subcategory implicated

protected information, to say nothing of outlining any actual pending

proceedings – as opposed to prospective or potential proceedings.

Existing case law from within this Circuit supports Judge

Merryday's analysis. See, e.g., Ayyad, 2018 U.S. Dist. LEXIS 18143,

*31 (rejecting Exemption 7(A) withholdings as based on descriptions

that were "too vague and nonspecific"); Black & Decker Corp. v.

United States, 2004 U.S. Dist. LEXIS 32919, *10-*11 (D. Md.

23

Feb. 19, 2004)(rejecting agency declaration as insufficient under

Exemption 7(A) for failure to provide more than "bald assertions");

Am. Bird Conservancy v. U.S. Fish &  Wildlife Serv., 110 F. Supp.

3d 655, 670 (E.D. Va. 2015)(awarding attorneys fees in FOIA matter

based on conclusion, in dicta, that original government filings

invoking Exemption 7(A) would have been unpersuasive due to

absence of any details regarding specific nature of ongoing

enforcement proceeding).[3]

---

[3] These precedents are not undermined by rulings from this Circuit or from district court judges within this Circuit that only dealt with investigative materials specific to ongoing investigations into the FOIA plaintiff. See, e.g., Davoudlarian v. Dep't of Justice, 1994 U.S. App. LEXIS 21797 *6-*7 (4th Cir. Aug. 15, 1994); Maccaferri Gabions, Inc., 1996 U.S. Dist. LEXIS 22969, *17-*19; Pully v. IRS, 939 F. Supp. 429, 436 (E.D. Va. 1996). In contrast, the Appellee provided only vague and undefined descriptions of investigative interest into unidentified third parties. JA 47-48; JA 250-251; JA 262-263.

It is further supported by case law from the D.C. Circuit.[4] See

Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice,

746 F.3d 1082, 1098 (D.C. Cir. 2014)("As to the third task, although

we give deference to the agency's predictive judgment of the harm

that will results from disclosure of information, it is not sufficient for

the agency to simply assert that disclosure will interfere with

enforcement proceedings; 'it must rather demonstrate *how* disclosure'

will do so.")(emphasis in original)(internal citations omitted);

compare with Agrama v. IRS, 2019 U.S. App. LEXIS 11560, *6-*7

(D.C. Cir. Apr. 19, 2019)(upholding summary judgment despite

"cursory" public agency filings in light of information outlined for

court in *ex parte* submissions).

---

[4] District court judges within the D.C. Circuit, for their part, have applied that case law in a manner comparable to the factual situation in the present case. See, e.g., Dugan v. Dep't of Justice, 82 F. Supp. 3d 485, 500 (D.D.C. 2015)(rejecting 7(A) invocation when declaration did not specifically link remaining appeal of tangential matter to ongoing investigation, nor did declaration explain how disclosure would interfere with investigation); Gray v. U.S. Army Crim. Investigation Command, 742 F. Supp. 2d 68, 75 (D.D.C. 2010)(denying 7(A) invocation due to conclusory and boilerplate statements regarding interference in enforcement proceeding); compare with Manning v. Dep't of Justice, 234 F. Supp. 3d 26, 37 (D.D.C. 2017)(finding agency affidavits sufficient to demonstrate that disclosure of records implicating FOIA plaintiff would interfere with ongoing investigation into third parties).

25

Furthermore, the Appellee's declarants' extraneous remarks about harm to the Appellee's mutual understanding with other law enforcement agencies, see JA 250-251; JA 262-263, is simply neither here nor there for purposes of Exemption 7(A). That harm *might* justifiably be relied upon for one or more of the underlying exemptions, but it has no bearing or relevance to the appropriateness of a categorical withholding under Exemption 7(A). See Smith I, 2022 U.S. Dist. LEXIS 162342, *17; see also Smith II, 2023 U.S. Dist. LEXIS 116862, *6 ("However, this additional information fails to improve the functional definition of the information-exchange subcategory because these consequences fail to show that disclosure would interfere with an enforcement proceeding.").

## B. Judge Chasanow Ignored The Principles Of Judicial Comity And Administration

Of course, a decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011). Prudence, however, requires that whenever possible, coordinate courts should avoid issuing conflicting orders. See Feller v. Brock, 802 F.2d 722, 727-28 (4th Cir. 1986); see also dmarcian, Inc. v. dmarcian Eur. Bv., 60 4th 119, 147 (4th Cir. 2022)("This

26

principle of comity 'contributes [] largely to promote justice between individuals, and to produce a friendly intercourse between the sovereignties to which they belong.'"), quoting Hilton v. Guyot, 159 U.S. 113, 165 (1895); Adams v. Bell, 1982 U.S. App. LEXIS 16397, *78 (D.C. Cir. Aug. 24, 1982)("Comity was created only to assure judicial efficiency and to reflect abiding respect for other courts; it does not outweigh the fundamental rights of the plaintiffs."). This Circuit has typically referred to this in the context of judicial comity or administration. See Feller, 802 F.2d at 728.

District courts within this Circuit – as well as district courts in other circuits – relying upon the principle outlined in Feller have taken into consideration, at a minimum, the circumstances of the separate case prior to issuing a ruling.[5] See Harding v. United States, 2014 U.S. Dist. LEXIS 98006, *6 (D. Md. July 17, 2014)(declining to grant relief with respect to method of sentencing criminal defendant who had been separately sentenced by another judge in another district court with respect to similar offenses); Fincher v. Keller Industries, Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990) (taking note of relevant rulings and status of related proceedings in district court in another jurisdiction before ruling on motion before court); see also Nat'l Union Fire Ins. Co. v. Payless Shoesource, Inc., 2012 U.S. Dist.

27

LEXIS 112346, *28-*29 (N.D. Cal. Aug. 9, 2012)(declining to enter

injunction in conflict with separate, related case in another jurisdiction that

proceeded further into merits); McGinley v. Houston, 2003 U.S. Dist.

LEXIS 14947, *22 (S.D. Ala. Aug. 27, 2003)("[F]ederal district courts have

a responsibility to litigants and to our system of justice not to countermand

their brother and sister courts' decisions.").

   In stark contrast to that past practice, Judge Chasanow made no reference

one way or the other to two rulings by Judge Merryday that predated the

issuance of her ruling. To be clear, Judge Chasanow was not required or

bound to agree with Judge Merryday. Although the categories of information

at issue in Smith were not identical to those in the present case (in fact, they

were deliberately distinct), they were, however, derived from identical FOIA

requests (albeit submitted through different FOIA requesters), concerned the

same overall subject matter (investigations into the underlying criminal

subject matter, both specific to and distinct from the Sanders prosecution),

the same federal defendant (the Appellee), and the same categorical FOIA

Exemption (7(A)). See JA 97-100; compare with Smith I, 2022 U.S. Dist.

LEXIS 162342, *2.

---

[5] The undersigned are not aware of any FOIA-specific cases addressing the
issue of comity in this factual context one way or the other.

At a minimum, the analyses by Judge Merryday in <u>Smith I</u> and <u>Smith II</u> were at least *relevant* to Judge Chasanow's analysis in evaluating the Appellee's arguments. To read the Memorandum Opinion in a vacuum, however, would lead an uninformed observer to believe the two rulings by Judge Merryday never occurred. If nothing else, and in the context of Zaid's arguments with respect to the substantive merits countering Judge Chasanow's analysis, <u>see</u> <u>supra</u> 19-26, the absence of any consideration by Judge Chasanow of Judge Merryday's analysis speaks volumes.

## II. THE DISTRICT COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT THE APPELLEE HAD PRODUCED SUFFICIENT EVIDENCE WARRANTING THE SUPPLEMENTAL INVOCATION OF FOIA EXEMPTIONS 5, 6, 7(C), OR 7(D)

Before the District Court, the Appellee's First Seidel Declaration sought, as an alternative and in accordance with <u>Maydak v. Dep't of Justice</u>, 218 F.3d 760 (D.C. Cir. 2000), to invoke several underlying FOIA exemptions as the basis for withholding records in whole or in part if the categorical invocation of FOIA Exemption 7(A) was denied. JA 48-85. Similar to what the Appellee argued before Judge Merryday, the Appellee stated to Judge Chasanow that it could not provide detailed information regarding the application of the underlying FOIA exemptions. JA 48-49.

This approach was specifically rejected by Judge Merryday. <u>See</u> <u>Smith I</u>, 2022 U.S. Dist. LEXIS 162342, *19 ("Although the Seidel justification supports the withholding of some information under each asserted exemption, the DOJ does not – and, without describing a single document, cannot – establish either than an underlying exemption protects from disclosure the entirety of an unstated number of responsive documents or that segregation and disclosure of the unprotected information in the unstated number of responsive documents is infeasible."). Zaid properly informed Judge Chasanow of this analysis in the present case in arguing that summary judgment was premature. Pl.'s Opp'n at 14.[6]

Judge Chasanow's ruling in the Memorandum Opinion paid no heed to Judge Merryday's conclusion and, instead, dove head on into a substantive analysis prematurely. Judge Chasanow failed to cite any case law explaining why it was proper or appropriate to conduct this analysis with such a limited factual record. Indeed, Judge Chasanow's premature analysis ironically highlights a main point of Judge Merryday's conclusion: while there *might* be *some* information encompassed by the First Seidel Declaration and the Second Seidel Declaration that ultimately *might* be exempt from release, the

---

[6] There is no dispute, of course, that the Appellee properly reserved its rights under <u>Maydak</u> to raise these underlying exemptions if the categorical invocation of FOIA Exemption 7(A) is ultimately denied.

deficient factual record before Judge Chasanow rendered any such analysis premature. See Smith I, 2022 U.S. Dist. LEXIS 162342, *19.

As noted above, Judge Chasanow was certainly within her discretion to disagree with Judge Merryday on this point. But her Memorandum Opinion makes no reference to Judge Merryday's analysis and fails to provide any explanation or citation to authority supporting the conclusion for *why* Judge Chasanow concluded it was appropriate to address the supplemental exemptions at all, as well as why she concluded she had sufficient information to rule on merits of the supplemental exemptions in a manner Judge Merryday did not.

For example, even to the extent the First Seidel Declaration in the present case was more detailed than the Appellee's sworn declaration in the Smith litigation, namely by virtue of it including a Vaughn Index, JA 176-216, the record *still* was insufficient. The Vaughn Index's description of records in the present case (that are not under seal) exemplifies the concept of "barebones", lacking any reference, for example, to the context of the documents or the particular authors or recipients. See, e.g., JA 184 (Bates #258 – undated application for a search warrant); JA 185 (Bates #282 – undated attachment of an affidavit in support of criminal complaint and search warrant); JA 189 (Bates #509 – FBI field office intelligence product);

31

JA 190 (Bates #562 – FD-1057 providing information to FBI field office on an unidentified investigation).

Those descriptions are simply not commensurate with what is required under FOIA. See, e.g., Solers, Inc. v. IRS, 827 F.3d 323, 328 (4th Cir. 2016) ("A Vaughn index is 'designed to enable the district court to rule on a privilege without having to review the document itself' and thus functions as 'a surrogate for the production of documents for in camera review.'") (original emphasis omitted), citing Ethyl Corp., 25 F.3d at 1249; Rein, 553 F.3d at 367-70 (rejecting agency Vaughn index due to lack of identifying details and generalized document descriptions); Ethyl Corp, 25 F.3d at 1249-50 (rejecting agency Vaughn index as insufficient due to reliance upon general terms, lack of identity of author or recipient of documentation, and lack of "specificity" and "itemization" to permit the adversary process to function).

Put simply, Judge Chasanow unnecessarily waded into the substantive merits of the underlying FOIA exemptions. If the categorical invocation of FOIA Exemption 7(A) was proper, there was no need to address the merits of the underlying FOIA exemptions. If the categorical invocation of FOIA Exemption 7(A) was improper (which was not Judge Chasanow's conclusion), Zaid maintains that – consistent with Judge Merryday's

analysis – she should have required a more detailed factual record – particularly in terms of a revised <u>Vaughn</u> Index – prior to ruling on the substantive merits of those exemptions. <u>See Maydak</u>, 218 F.3d at 765 ("Instead the government must assert the exemption in such a manner that the district court can rule on the issue.").

## **<u>CONCLUSION</u>**

Based on the foregoing, Zaid respectfully requests that this Court reverse the District Court's ruling and remand the case back to the District Court for further proceedings.

Date:  September 18, 2023

Respectfully submitted,

/s/ *Bradley P. Moss*
_____
Bradley P. Moss, Esq.
MD Bar #17379
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 907-7945
(202) 330-5610 fax
Brad@MarkZaid.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Rule 32(a)(7) of the

Federal Rules of Appellate Procedure. The brief contains 6,954 words, and

was prepared in 14-point Times New Roman font using Microsoft Word.


/s/ *Bradley P. Moss*
_____
Bradley P. Moss

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of September, 2023, I served the

foregoing "**BRIEF FOR THE APPELLANT**" upon the United States

Court of Appeals for the Fourth Circuit and upon counsel for the Appellee

via ECF.

/s/ *Bradley P. Moss*
_____

Bradley P. Moss